UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CLAUDETTE REED, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 4:18-CV-301-RLW |
| ST. LOUIS COUNTY POLICE DEPARTMENT, ET AL., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand Case to State Court (ECF No. 12). This matter is fully briefed and ready for disposition.

## LEGAL STANDARD

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a).

## DISCUSSION

In her Amended Petition (ECF No. 2), Plaintiff alleges, among other things, a claim under 42 U.S.C. §1983 against Defendants "St. Louis County Police Department, P.O. Cavanaugh #690 and P.O. White #3690 in their official capacity [sic], pursuant to 42 U.S.C. §1883 [sic] of the Civil Rights Act, for false imprisonment and false arrest[.]" (Amended Petition, p. 2). Plaintiff

˅ 1 ˅

further alleged in paragraph 22 that "officer Cavanaugh and officer White, while acting in their official capacity under color of law, handcuffed petitioner behind her back causing personal injuries and bruises to her body, causing fear without probable cause and in violation of her civil rights to be free from false imprisonment, pursuant to the 14th Amendment of the U.S. Constitution and 42 U.S.C. 1983 of the Civil Rights Act[.]" (Amended Petition, at 3, ¶22).

In her Motion to Remand, Plaintiff "concedes" that the St. Louis County Police Department lacks the capacity or standing to remove a case to Federal Court because "it is not a legal entity under state law and may not sue or be sued." (ECF No. 12-1 at 5). Alternatively, Plaintiff argues that a "federal court lacks federal question jurisdiction if the federal question raised in the complaint is not sufficiently central to the plaintiff's claim to determine the substantive outcome thereof." (ECF No. 12-1 at 5). Finally, Plaintiff argues that her state claims must be remanded to state court because this Court lacks "'pendent' jurisdiction to hear state law claims in a removed action if they are not otherwise within the original or supplemental jurisdiction of the court." (ECF No. 12-1 at 6).

The Court holds that Plaintiff's Motion to Remand must be denied. Section 1441(a), Title 28, United States Code, states that generally "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ..., to the district court...." Plaintiff clearly has alleged Section 1983 claims against the St. Louis County Police Department and Officers Cavanaugh and White. Even if (as Plaintiff now claims) the St. Louis County Police Department lacks standing to remove this case because it is not a suable entity (see ECF No. 12-1 at 5), the Court addresses the Complaint at the time of the removal under the well-pleaded complaint rule. *See Hickman v. Alpine Asset Mgmt. Grp., LLC*, 919 F. Supp. 2d 1038, 1043 (W.D. Mo. 2013) ("The well-pleaded complaint rule states that a court must

look at the well-pleaded complaint of the case when determining whether the court has jurisdiction."). Since Plaintiff chose to make the Police Department is a party to the lawsuit, the Police Department, as well as the individual officers, have the right to remove this action based upon Plaintiff's allegation that they violated her rights under Federal Law.

Traditionally, any doubts as to the propriety of removal are resolved in favor of state court jurisdiction. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007). "However, federal courts should 'be equally vigilant to protect the right to proceed in Federal court as to permit the state courts, in proper cases to retain their own jurisdiction.'" *Hickman*, 919 F. Supp. 2d at 1040–41 (citing *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)). Therefore, the Court holds that it has subject matter jurisdiction over Plaintiff's claims and denies Plaintiff's Motion to Remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand Case to State Court (ECF No. 12) is **DENIED**.

Dated this 9th day of April, 2018.

                                          _/s/ Ronnie L. White_
                                          RONNIE L. WHITE
                                          UNITED STATES DISTRICT JUDGE