UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CLAUDETTE REED, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18CV301 RLW |
| ST. LOUIS COUNTY, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss filed by Defendant Charlie Schulze (ECF No. 26) and Motion to Dismiss filed by Defendant Tim Brown (ECF No. 28). The Court denied previous Motions to Dismiss filed by Defendants St. Louis County Police Department, Schulze, and Brown (ECF Nos. 6, 11, 14) as moot after Plaintiff Claudette Reed filed a Second Amended Petition (ECF No. 25). The Second Amended Petition also named – for the first time – St. Louis *County* as a defendant.[1]

Schulze and Brown subsequently filed separate renewed Motions to Dismiss (ECF No. 26, 28) that remain pending and unopposed. After a hearing at which Plaintiff failed to appear, the Court granted her attorneys' separate Motions to Withdraw. (ECF Nos. 36, 39) In the same Order of December 17, 2018, the Court explained she was now before the Court *pro se* unless or until another attorney entered an appearance on her behalf. "A prose litigant is bound by the litigation rules as is a lawyer . . . ." *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000); *see also Escobar v. Cross*, No. 4:12CV00023-JJV, 2013 WL 709113, at *1 (E.D. Ark. Feb. 27, 2013) ("Pro se litigants are required to follow the same rules of procedure, including the

---

[1] St. Louis County Police Department argued in its Motion to Dismiss that Plaintiff could not bring claims against the police department as a matter of law because it is a municipal department of St. Louis County government. (ECF No. 6)

local court rules, that govern other litigants."). The Court further ordered Plaintiff to show cause no later than January 2, 2019, why the Court should not rule on the unopposed Motions to Dismiss filed separately by Schulze and Brown and why this action should not be dismissed as to St. Louis County, Police Officer ("P.O.") Cavanaugh, or P.O. White for failure to execute timely service in compliance with Federal Rule of Civil Procedure 4(m).

On January 2, 2019, the Court received a letter from Plaintiff. (ECF No. 43) Despite the subject line of the letter referencing the docket number of the Court's Order of December 17, the Plaintiff neither offers an explanation as to why she failed to respond to the Court's Show Cause Order of November 14, 2018 nor argues why the Court should not rule on the unopposed motions to dismiss. Nevertheless, the Court construes the letter as a response to the December 17 Show Cause Order.

Because Plaintiff has failed to offer a reason for delaying resolution of this matter despite the Court's numerous attempts to get her to do so, the Court will rule on Schulze's and Brown's separate unopposed motions to dismiss.

## BACKGROUND

According to the Second Amended Petition, Brown and his wife occupied the condo unit directly above Plaintiff's condo unit. The Browns hired Schulze Glass, LLC, to repair their windows. On December 30, 2015, the owner of the company, Schulze, knocked on Plaintiff's door to seek permission to inspect and use Plaintiff's patio as the company worked on the Browns' unit. Plaintiff denied permission because the company was not authorized by the Condo Association. Plaintiff then left her condo. When she returned, she observed workers for Schulze Glass, LLC, had placed ladders on her enclosed patio as they worked on the Browns' windows. Plaintiff demanded the workers vacate her property, but they remained.

2

Brown then called the police. P.O. Cavanaugh and P.O. White responded and spoke to Brown at the scene. Plaintiff is an African American woman, and she claims Brown told the officers that she "hates white people and white police officers." Plaintiff alleges the officers were hostile and dismissive towards her when she attempted to talk to them about the workers being on her patio. After Plaintiff returned to her condo and after the workers had left, she discovered they had placed her glass patio table in front of her sliding door and not returned it to its proper position after removing the ladders. When she attempted to open the patio door, the tabletop rolled off and broke.

Plaintiff asserts P.O. Cavanaugh and P.O. White would not speak to her about her complaints, so she called 911 to request an African American officer respond. After 20 minutes in which no officer responded, Plaintiff called 911 again. Sometime later, P.O. Cavanaugh arrived at Plaintiff's condo. Plaintiff did not recognize P.O. Cavanaugh as one of the officers from earlier and proceeded to complain about the workers from Schulze Glass, LLC and her broken table. Plaintiff contends P.O. Cavanaugh accused her of "hat[ing] white people and want[ing] to kill white police officers." Plaintiff screamed in fear and alleges "P.O. Cavanaugh and P.O. White threw [her] to the floor in her home, causing pain and suffering and stated that [she] was being arrested for a mental evaluation for her threats to kill white people and white police officers." She was transported by ambulance to a hospital and was released after being evaluated by medical personnel.

Plaintiff brought this case in Missouri state court alleging the officers violated her rights under the 14th Amendment of the U.S. Constitution and 42 U.S.C. 1983 of the Civil Rights Act. She also alleges Schulze Glass, LLC, and its owner intentionally trespassed on her property and caused more than $25,000 actual damages. Finally, Plaintiff alleges Brown instructed Schulze

Glass, LLC, to trespass onto her property and instigated the false arrest and imprisonment by the police officers. Plaintiff seeks $25,000.00 damages and more $25,000.00 punitive damages against each defendant.

The St. Louis County Police Department removed the case to federal court with the consent of Schulze. The police department filed a Motion to Dismiss and argued Plaintiff could not bring claims against it as a matter of law because it is a municipal department of St. Louis County government. (ECF No. 6) Subsequently, Plaintiff filed a Second Amended Petition that named St. Louis *County* as a defendant.[2] Schulze and Brown also filed separate Motions to Dismiss (ECF Nos. 26, 28) that remain pending. These unopposed motions to dismiss are ready for disposition.

## LEGAL STANDARD

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

---

[2] Plaintiff filed her first amended petition prior to the case being removed from state court. After the case was removed, she filed her Second Amended Petition. Both Schulze and Brown note that Plaintiff did not obtain permission of the parties or leave from this Court to file a second amended pleading as required by Federal Rule of Civil Procedure 15(a). Neither party attempted to strike the Second Amended Petition.

4

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

## DISCUSSION

### I. Motion to dismiss filed by Schulze

Schulze argues the count against him should be dismissed pursuant to Rule 12(b)(6) because Plaintiff has failed to sufficiently plead facts to support her claims. While a plaintiff is not required to provide "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his [or her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Plaintiff's Second Amended Petition makes repeated legal conclusions – e.g., "Schulze Glass, LLC and Charlie Schulze, on December 30, 2005, *intentionally trespassed* on the property of Petitioner, because of her race." (Emphasis added). In fact, disregarding the legal conclusions leaves only the following factual allegations related to count against Schulze: Schulze is the owner of Schulze Glass, LLC; he knocked on Plaintiff's door to seek permission to utilize her patio as workers repaired the Browns' windows; and Plaintiff declined to give them

5

permission. Additionally, Plaintiff alleges in her Second Amended Petition that the actual entry upon her property was performed not by Schulze individually but by unnamed "agents, servants and employees" of Schulze Glass, LLC. These facts are insufficient to support a plausible claim of trespass against Schulze individually or against Schulze Glass, LLC.[3] Accordingly, the count against Schulze individually and Schulze Glass, LLC is dismissed.

## II. Motion to dismiss filed by Brown

Brown first argues the count against him must be dismissed because of Plaintiff's failure to file her action within the applicable statute of limitations. Pursuant to Missouri law, actions for false imprisonment must be brought within two years. Mo. Rev. Stat. § 516.140. The alleged events giving rise to this action occurred on December 30, 2015. Plaintiff initially filed her action in state court on January 2, 2018. While it may appear to be a few days out of time, the relevant state court rule saves Plaintiff.

Supreme Court of Missouri Rule 44.01 provides in pertinent part:

In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, *unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday*.

(Emphasis added). Pursuant to this rule, the time period for Plaintiff to file her false imprisonment action began to run the day after the date of the events, so on December 31, 2015. The applicable statute of limitations is two years, which made the deadline December 31, 2017. December 31, 2017, however, was a Sunday and the following day, January 1, 2018, was a legal

---

[3] To any extent Plaintiff might claim Schulze individually trespassed by knocking on her door, he correctly notes that the Supreme Court has recognized an "implicit license" that "typically permits the visitor to approach the home by the front path, knock promptly, wait briefly to be received, and then (absent invitation to linger longer) leave." *Florida v. Jardines*, 569 U.S. 1, 8 (2013) ("Complying with the terms of that traditional invitation does not require fine-grained legal knowledge; it is generally managed without incident by the Nation's Girl Scouts and trick-or-treaters.").

6

holiday. Consequently, the deadline by which Plaintiff needed to file her action was January 2, 2018 – the day on which she in fact filed her action.

Brown also argues the count against him should be dismissed on the same grounds as Schulze: the insufficient nature of her pleadings. Plaintiff does not allege facts that Brown personally trespassed onto her property or falsely imprisoned her. Rather, the Second Amended Petition makes repeated legal conclusions – e.g., Brown "instructed his agents, Schulze Glass, LLC, and Charlie Schulze to trespass on [Plaintiff's] property, because of [Plaintiff's] race;" Brown "instigated the false arrest and imprisonment of Petitioner by falsely stating that he had permission to trespass on Petitioner's property since he did not have permission to do so." Plaintiff has failed, however, to allege sufficient facts to create a principal-agent relationship between Brown and Schulze Glass, LLC, to plausibly make the case Brown should be liable for Schulze's workers' alleged actions. Because Plaintiff's Second Amended Petition fails to allege sufficient facts beyond legal conclusions, *see Twombly*, 550 U.S. at 555, the count against Brown is dismissed.[4]

### III. Failure to obtain service on Defendants St. Louis County, P.O. Cavanaugh, and P.O. White

In the Order of December 17, 2018, the Court ordered Plaintiff to show cause why this action should not be dismissed with prejudice as to St. Louis County, P.O. Cavanaugh, or P.O. White pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve within 90 days after removal of the Petition.[5] Her letter in response (ECF No. 43) did not offer an explanation for her

---

[4] Brown also argues the Second Amended Petition should be dismissed for failure to join his wife. Because Brown provides no further legal analysis for this argument and his other argument is dispositive, the Court will not address it further in this Memorandum and Order.

[5] As explained in the Order of December 17, Plaintiff had affected service on St. Louis County Police Department when the case was still in state court. Since she filed her Second Amended Petition naming – for the first time – St. Louis *County* as a defendant rather than the police department, she has failed to effectuate service on the county.

7

failure to obtain timely service on those defendants. Consequently, the claims against St. Louis County, P.O. Cavanaugh, and P.O. White are dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions to Dismiss filed separately by Charlie Schulze and Tim Brown (ECF Nos. 26, 28) are **GRANTED** and Plaintiff's claims against each defendant as well as Schulze Glass, LLC, are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff Claudette Reed claims against St. Louis County, P.O. Cavanaugh, and P.O. White are **DISMISSED without prejudice** for failure to effectuate timely service in accordance with Federal Rule of Civil Procedure 4(m). A separate Judgment shall accompany this Memorandum and Order.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum and Order to Plaintiff Claudette Reed, 1411 Willow Brook Cove Apt. 3, St. Louis, Missouri 63146.[6]

Dated this 8th day of January, 2019.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[6] The Second Amended Petition lists Plaintiff's address as 1411 Willowbrook Groves, #3, St. Louis County, Missouri. Once the Court granted Plaintiff's attorneys motions to withdraw, the Court began mailing copies of its orders directly to Plaintiff at the address provided by one of her attorneys: 1411 Willowbrook Drive #3, St. Louis, Missouri 63146. Plaintiff's response letter received January 2, 2019 lists the return address as 1411 Willow Brook Cove Apt. 3, St. Louis, Missouri 63146. Because she correctly noted the docket number of the December 17 Order in her letter, the Court can presume the previous orders have been properly delivered. This Order, however, will be addressed to the address on Plaintiff's response letter. This footnote is included to explain the discrepancy for clarity of the record.